# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |
|---|---|
| ROBERT T. HATHORN, | CASE NO. 3:24-CV-02019-JRK |
| Petitioner, | JUDGE JAMES R. KNEPP, II |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| WARDEN CYNTHIA DAVIS[1], | **ORDER ON PETITIONER'S MOTIONS** [ECF #18, 19, AND 20] |
| Respondent. | |

On November 19, 2024, Petitioner Robert Hathorn, representing himself, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (ECF #4). Under Local Civil Rule 72.2, this matter was referred to me on December 4, 2024 to prepare a report and recommendation. (Non-document entry of Dec. 4, 2024). On December 18, 2024, Mr. Hathorn moved for the appointment of counsel (ECF #8), which I denied on January 2, 2025 (ECF #11). On May 22,

---

[1]     When Mr. Hathorn's petition was transferred to this court, he was incarcerated at the Warren Correctional Institution under Warden Chae Harris. (*See* ECF #2 at PageID 62). Mr. Hathorn is currently incarcerated at the Southern Ohio Correctional Facility (SOCF). *See Offender Details, A805227, Ohio Dept. Rehab. & Corr.,* http://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A805227 (last accessed June 16, 2025). The District Court has jurisdiction under 28 U.S.C. § 2241(d) as the judicial district where Mr. Hathorn was convicted and sentenced. Because the District Court had jurisdiction over Warden Harris under § 2241(d), it also has jurisdiction over Mr. Hathorn's current custodian. *See Smith v. Fender,* No. 1:21-cv-934, 2021 WL 5812017, at *2 (N.D. Ohio Oct. 27, 2021), *report and recommendation adopted,* 2021 WL 5801854 (N.D. Ohio Dec. 6, 2021) ("All that changing prisons does is change the respondent."). I take judicial notice that Cynthia Davis is Warden of the SOCF. *See Southern Ohio Correctional Facility, Ohio Dept. of Rehab. & Corr.,* http://drc.ohio.gov/about/facilities/southern-ohio-correctional-facility (last accessed June 16, 2025). I thus substitute Warden Davis as the proper respondent under Fed. R. Civ. P. 25.

2025, Mr. Hathorn moved for leave to conduct discovery and for an evidentiary hearing (ECF #18 and 19) and renewed his request for the appointment of counsel (ECF #20). For the following reasons, I **DENY** each request.

## DISCOVERY

First, Mr. Hathorn moves for leave to conduct discovery. (ECF #18). He seeks production of prison mail and payment records that document the dates he tendered his filings to the prison mailing system to be sent on to the state court for filing. (*Id.* at PageID 2821-22). He contends these records will show good cause to excuse any procedural default. (*Id.* at PageID 2822). He also seeks production of evidence in support of in Ground Two that challenges the sufficiency of the evidence against him. (*Id.* at PageID 2822-23).[2]

Unlike usual civil litigants, habeas petitioners do not have an automatic right to discovery. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Habeas Rule 6(a) sets the standard for discovery in habeas cases: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Under this standard, a district court should allow discovery in habeas corpus proceedings "where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is entitled to relief." *Bracy,* 520 U.S. at 908-909. Mr.

---

[2]    Although not mentioned in his motion for discovery, Mr. Hathorn contends in his Traverse that the transcripts of the state trial court's May 16, 2022 proceeding are incomplete but cannot say definitively because he does not have his copies due to a recent transfer. (ECF #15 at PageID 2794-95). If Mr. Hathorn believes the transcripts are incomplete, he should move to expand the record under Rule 7 of the Rules Governing § 2254 Proceedings (Habeas Rules). *See* http://www.uscourts.gov/forms-rules/current-rules-practice-procedure/rules-governing-section-2254-and-section-2255-proceedings (last accessed June 16, 2025).

Hathorn must show the materiality of information requested. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

       **1.**     **Prison mailing and payment records**

      First, Mr. Hathorn seeks production of prison mail and payment records showing that after his direct appeal was denied on October 31, 2023, he tendered to the prison mailing system on November 3, 2023 a motion for reconsideration and a motion to certify a conflict to be sent to the Court of Appeals. (ECF #18 at PageID 2821-22). He contends these records will show good cause to excuse any procedural default stemming from the Supreme Court of Ohio's denial of leave to file a delayed appeal. (*Id.* at PageID 2822; *see also* ECF #13 at PageID 106).

      But discovery of the prison mailing records does not help Mr. Hathorn because the timeliness of his appeal to the Supreme Court of Ohio is not based on the dates he mailed his motions for reconsideration and to certify a conflict. Unlike federal habeas courts, Ohio state courts do not use the mailbox rule. *Calo v. Stuff*, 250 N.E.3d 62, 65-66 (Ohio 2024) ("a document is not considered filed in an Ohio court until it is deposited with the clerk of court"). Thus, the date Mr. Hathorn mailed his motions to the Ohio court is irrelevant to whether his Ohio court filings are timely under Ohio law. Moreover, Mr. Hathorn's motions tolled the normal deadline to file an appeal to the Supreme Court of Ohio to 45 days after the *denial* of the motion. *See* Ohio Sup. Ct. R. Prac. 7.01(A)(5)(a), (A)(6)(a). Mr. Hathorn's motions were denied on December 9 and 14, 2023. (ECF #13-1 at PageID 454, 540). Thus, the deadline for Mr. Hathorn to appeal to the Supreme Court of Ohio was based on those dates. Even if those dates did matter to the timeliness, the prison mailing records would be duplicative of the certifications Mr. Hathorn already made that he tendered his motions to the prison mailing system on November 3 and 9, 2023. (*See* ECF

#13-1 at PageID 495, 452). While I express no opinion today on whether Mr. Hathorn's petition is procedurally defaulted, the dates on which Mr. Hathorn mailed his motion for reconsideration or his motion to certify a conflict would not affect that determination. I thus find good cause lacking to order discovery of the prison mailing records.

### 2. Evidence in support of Ground Two

Second, Mr. Hathorn seeks discovery of various pieces of evidence supporting his argument in Ground Two that his convictions were not supported by sufficient evidence. Specifically, Mr. Hathorn seeks "the Patient Care Report and interrogatories of Amy Bruce and Gales Brough," a witness to the events who refused to testify at the time of trial but now is "willing to provide an affidavit and undergo interrogation," and "the interview recording of Trooper Rabbis, whose statement indicates the incident does not qualify as felonious assault with a weapon or aggravated robbery." (ECF #18 at PageID 2822-23). I will address each piece of evidence in turn.

**Patient Care Report.** For the patient care report, Mr. Hathorn does not say what it is beyond that it may "indicate that Petitioner was bleeding after the trigger was pulled." (ECF #18 at PageID 2822). During his trial, a witness referred a report by the Hancock County paramedic after each patient contact. (*See* ECF #13-12 at PageID 1841-42) (describing the patient care report generated after the paramedic treated Trooper Brobst). Presumably, Mr. Hathron refers to the report generated after he was treated, which is in the state-court record already, attached to his application to reopen his direct appeal. (*See* ECF #13-1 at PageID 574-76).

If that document is not what Mr. Hathorn refers to, it is unclear what factual dispute other medical records may resolve. It is undisputed that Mr. Hathorn was injured. The state court found he "had sustained an injury to his left index finger during the incident with [Trooper] Brobst and was taken to the hospital for treatment." (ECF #13-1 at PageID 370). Thus, it is undisputed Mr.

4

Hathorn was bleeding after Trooper Brobst's gun fired. Because discovery must "resolve any factual disputes that could entitle [Mr. Hathorn] to relief," there is no good cause to order its discovery. *Stanford*, 266 F.3d at 460 ().

Interrogatories of Amy Bruce and Gales Brough. For these, Mr. Hathorn has not described who Amy Bruce and Gales Brough are, what questions they would be asked, or what information they may provide. The trial court transcripts do not reference anyone named Amy Bruce or Gales Brough, so no inference can be drawn as to the evidence they may provide or how their responses may affect Mr. Hathorn's grounds for relief. Thus, Mr. Hathorn has not met his burden to show "the materiality of information requested." *Stanford*, 266 F.3d at 460.

Reluctant Witness. Next, Mr. Hathorn seeks to produce Marilyn Williams, "a witness to the events" who "was unavailable at the time of trial." (ECF #18 at PageID 2823). Ms. Williams is mentioned in the state court record as the passenger in Mr. Hathorn's vehicle on the night of the traffic stop that led to his convictions. (*See* ECF #13-9 at PageID 1420-21). Mr. Hathorn asserts "she is now willing to provide an affidavit and undergo interrogation to support relief." (ECF #18 at PageID 2823). Conclusory allegations are not enough to show good cause for discovery under Habeas Rule 6; the petitioner must set forth specific allegations of fact. *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). Mr. Hathorn has not provided an affidavit detailing what Ms. Williams would say or how those statements would support relief under any of the grounds for relief in his petition. I thus conclude Mr. Hathorn has not shown good cause for ordering discovery.[3]

---

[3]     Had Mr. Hathorn advanced good cause (or if he later moves to expand the record with an affidavit from Ms. Williams), there is another hurdle before the habeas record can be expanded to include Ms. Williams's affidavit because she did not testify in Mr. Hathorn's trial. 28 U.S.C. § 2254(e)(2) limits a federal habeas court's ability to examine evidence that was not

**Recorded Statement of Trooper Rabbis.** Last, Mr. Hathorn seeks production of "the interview recording of Trooper Rabbis, whose statement indicates the incident does not qualify as felonious assault with a weapon or aggravated robbery." (ECF #18 at PageID 2823). Although Trooper Rabbis did not testify in Mr. Hathorn's trial (*see* ECF #13-8 at PageID 1089) and the Trooper is not mentioned elsewhere in the state-court record, taking Mr. Hathorn's statement about what facts Trooper Rabbis would provide as true, it appears Trooper Rabbis was at the shooting.

Although Mr. Hathorn has made specific allegations of the statements and what they will show, those statements would not help his claim for habeas relief. *See Bracy*, 520 U.S. at 908-09 (standard for discovery requires the court have "reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is entitled to relief"). Although a police offer's statement about the shooting that arguably contradicts the State's theory of the case would seem helpful on first blush, ultimately it does not help Mr. Hathorn's argument in Ground Two that his convictions were not supported by sufficient evidence. (*See* ECF #4 at PageID 25-26, ECF #16 at PageID 2810-13).

When a petitioner challenges the legal sufficiency of evidence, "the relevant question is whether, *after viewing the evidence in the light most favorable to the prosecution*, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). "[T]his inquiry does not require a court

---

presented in state court. *See Holland v. Jackson*, 542 U.S. 649, 653 (2004). To admit Ms. William's affidavit, Mr. Hathorn must show that (1) he diligently sought to develop the claim in state court, or (2) he satisfies the conditions provided in 28 U.S.C. § 2254(e)(2). *See id.* If Mr. Hathorn later attempts to expand the record with Ms. William's affidavit, he must address these requirements.

to ask itself whether *it believes* that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* (emphasis in original). This is because "credibility is not a matter of review for a federal habeas corpus court." *Walker*, 703 F.2d at 969. Admitting Trooper Rabbis' statements, as described by Mr. Hathorn, would contravene this standard by introducing testimony that must be weighed against the evidence against Mr. Hathorn and leave it for the District Court to decide whether all the evidence proved guilt beyond a reasonable doubt. Although testimony that contradicts the State's theory of case could be useful if presented at trial, a sufficiency-of-the-evidence challenge is not a fresh retrial of the evidence.

Even if the District Court could consider Trooper Rabbis' statements to decide anew whether Mr. Hathorn committed the offenses charged beyond a reasonable doubt, the District Court is further limited by 28 U.S.C. § 2254(e)(2) because the statements were not presented at trial. *See Holland*, 542 U.S. at 653. Where a petitioner seeks relief based on new evidence, the petitioner must show diligence in pursuing the evidence or that the evidence could not have been discovered through due diligence. *See id.*; *see also* 28 U.S.C. § 2254(e)(2)(ii). Mr. Hathorn has made no showing that at trial he diligently pursued Trooper Rabbis's recorded interview. As mentioned above, this request is the first mention of Trooper Rabbis in the state-court record. Nor has Mr. Hathorn shown how Trooper Rabbis' recorded interview could not have been discovered through due diligence. Mr. Hathorn was able to discover Trooper Brobst's recorded interview and use those statements at trial. (*See* ECF #13-11 at PageID 1666-93). Mr. Hathorn has not explained how if Trooper Rabbis was at the scene and gave a recorded interview how that interview could not have been discovered through due diligence. I thus conclude Mr. Hathorn has not shown good cause for discovery or met the requirements to admit evidence not presented in state court.

### EVIDENTIARY HEARING

Mr. Hathorn requests an evidentiary hearing because "the facts are very much in dispute between the Petitioner and the Respondent" and "to clear up the false allegations and unsupported claims made by the state trier of fact." (*See* ECF #19 at PageID 2827) (cleaned up). These disputes relate to Mr. Hathorn's arguments in Ground Two of his petition his convictions for felonious assault and robbery were not supported by sufficient evidence. (*See id.* at PageID 2827-29).

Mr. Hathorn first argues an evidentiary hearing is "mandatory" under the six criteria in *Townsend v. Sain*, 372 U.S. 293 (1963). (*See* ECF #19 at PageID 2826). But the Supreme Court overruled *Townsend* in *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 5 (1992). Since Congress changed the standard for granting federal habeas relief in the Antiterrorism and Effective Death Penalty Act of 1991 (AEDPA), whether to grant an evidentiary hearing is generally left to the discretion of the district court, though it must be mindful of whether a petitioner could prove sufficient factual allegations in that evidentiary hearing to entitle him to federal habeas relief under AEDPA's standards. *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007). Put another way, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

Additionally, AEDPA generally limits federal habeas review to the record presented to the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). To that end, a district court need not decide whether a petitioner developed the factual basis of his claim in state court and may deny an evidentiary hearing under *Pinholster* where the

state court adjudicated the claim on the merits. *Hodges v. Colson*, 727 F.3d 517, 541 (6th Cir. 2013).

Here, the state court ruled on the merits of Mr. Hathorn's arguments about the sufficiency of the evidence supporting his convictions on direct appeal. (*See* ECF #13-1 at PageID 387-94; *see also State v. Hathorn*, 277 N.E.3d 438, 452-55 (Ohio Ct. App. 2023)). Under *Pinholster*, Mr. Hathorn is not entitled to an evidentiary hearing to develop new evidence beyond that presented in state court. The state court record here contains the entire transcript of Mr. Hathorn's trial (ECF #13-8, 13-9, 13-10, 13-11, 13-12, 13-14, 13-15, 13-16, and 13-17) as well as a transcript of videotaped testimony (ECF #13-7). Thus, the court already has all the evidence presented to the state court when it made its decision.

### APPOINTMENT OF COUNSEL

Third, Mr. Hathorn again moves for an appointment of counsel. Habeas corpus petitioners have no automatic right to counsel. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). In non-capital cases such as this, an indigent habeas petitioner is entitled to appointment of counsel only if the district court finds the interests of justice require counsel, an evidentiary hearing is required, or if necessary for effective discovery. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."); Habeas Rule 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."); Habeas Rule 6(a) ("If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel

appointed under 18 U.S.C. § 3006A."). Appointment of counsel in a habeas proceeding is mandatory only if the district court finds that an evidentiary hearing is required.

When deciding whether the interests of justice so require counsel, the decision is within the district court's discretion. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *Id.* (citation omitted).

As discussed above, an evidentiary hearing is not warranted here so Mr. Hathorn is not entitled to counsel on that basis. Additionally, I previously determined the interests of justice and due process did not require the appointment of counsel. (*See* ECF #11 at PageID 76-77). There has been no material change in the litigation that upsets that analysis. Thus, I again **DENY** Mr. Hathorn's request to appoint counsel.

## CONCLUSION

For these reasons, Mr. Hathorn's Motion for Leave to Conduct Discovery (ECF #18), Motion for an Evidentiary Hearing (ECF #19), and Motion for Appointment of Counsel (ECF #20) are **DENIED.**

Dated: June 17, 2025

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE