# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**ROBERT T. HATHORN,**                           CASE NO. 3:24 CV 2019

    Petitioner,

    v.                                        JUDGE JAMES R. KNEPP II

**WARDEN MIKE MARINICH,[1]**

    Respondent.                          **MEMORANDUM OPINION AND ORDER**

Petitioner Robert T. Hathorn ("Petitioner), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 4). This case was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On September 18, 2025, Judge Clay issued an R&R recommending the Court dismiss or, alternatively, deny the Petition. (Doc. 24). Petitioner filed an objection, a supplemental objection and an "amended" objection to the R&R. (Docs. 25, 26, 27).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and denies Petitioner's habeas Petition.

## BACKGROUND

This habeas case, filed on November 16, 2024, stems from Petitioner's 2022 convictions for felonious assault, aggravated robbery, having weapons while under disability, failure to comply

---

1. Subsequent the filing of the instant Petition, Petitioner was transferred to the Lebanon Correctional Institution. Marinich is the Warden of that Institution and the proper respondent in the instant case.

with order or signal of policy officer, and tampering with evidence. *See State v. Hathorn*, 227

N.E.3d 438, 444-45 (Ohio Ct. App. 2023). Petitioner raises four grounds for relief:

**GROUND ONE:** Due process violation, Infringing upon the rights of a Pro-se Defendant, 6th Amendment violation

**Supporting facts:** State allowed "Voir-dire" to be conducted by "standby counsel" allowing a hybrid representation in violation of clearly established Ohio law as admitted o[n] record by trial Judge, prosecutor, and defense counsel (standby) Alex Treece.

**GROUND TWO:** Violation of Due Process, State failed to present Sufficient Evidence to Sustain a Conviction according to Federal Standards

**Supporting facts:** 6th & 14th Amendment violations. The State presented an argument providing scenarios that Never met the "prongs" of the statu[t]e of the offense charged in the indictment. Many claims made by the State proved what they had claimed the evidence would show.

**GROUND THREE:** Extrinsic Fraud, fraud upon the courts an "evolving issue" present but mentioned within the "Opinion of the court"

**Supporting facts:** The issue of hybrid-representation[] denied Relator fundamental due-process, a scheme enacted by the trial court and brought upon appeal, the fabricated lies injected into the record via "extra judicial fact finding" whereby the appella[te] court claim said "hybrid-representation" was an invited error is not supported by the record.

**GROUND FOUR:** Loss or forfeiture of jurisdiction, due to violation of existing Ohio law in turn creating a federal violation of Supreme court decision

**Supporting facts:** Trial judge and prosecutor discuss on record how proceeding with "hybrid-representation" judge is deviating from existing Ohio law, whereby he admits that he knows he is deviating from the law and does it anyway. The violation of law, both State as well as Federal Constitutional violations and the judge knowing permission of such "usurpation of judicial authority" constitutes a loss of jurisdiction or forfeiture according to American jurisprudence.

2

(Doc. 4, at 5-9).

In his R&R, Judge Clay recommends the Court find the entire Petition procedurally defaulted or alternatively deny each ground for relief as meritless. *See* Doc. 24.

### STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews de novo those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter de novo, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Emp.*

3

*Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

**DISCUSSION**

Petitioner filed Objections to the R&R. (Docs. 25, 26, 27).[2] In his second objection filing, Petitioner "asserts that he objects to every part of the recommendation" and that the R&R "is a complete fabrication of the facts and record and basically a mirrored opinion" of the Ohio appellate court. (Doc. 26, at 2). As noted, "[a] general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren*, 2018 WL 3414322, at *2; *Aldrich*, 327 F. Supp. 2d at 747. The Court therefore below addresses only the specific objections presented in each of Petitioner's filings.

Procedural Default

Petitioner's second objection filing is the only one to directly address the R&R's analysis regarding procedural default. *See* Doc. 26.

---

2. The R&R in this case was issued on September 18, 2025. (Doc. 24). Petitioner had until October 5, 2025, to file his objections. *See* Doc. 24, at 43; Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(d); 28 U.S.C. § 636(b)(1). Petitioner's first objection filing was received by the Court on September 29, 2025, within this time period. *See* Doc. 26. At the end of this filing, Petitioner "respectfully ask[ed]" for "a[n] ex[]tension [of] time to further object to this recommendation and report." *Id.* at 6. Petitioner's "supplement" objection was postmarked October 8, 2025, and filed on October 14, 2025. *See* Docs. 26, 26-1. Petitioner's third filing, his "[a]mended" objection, was postmarked on October 28, 2025, and received by the Court on October 30, 2025. *See* Docs. 27, 27-1. The latter two filings are additionally written in a different handwriting than the original and bear a different "signature" or, more accurately, just a printed name, than the original. *Compare* Doc. 25 *with* Docs. 26, 27. The latter two filings are arguably both untimely filed and in violation of Federal Civil Rule 11(a), which requires "[e]very pleading, written motion, and other paper" to be "signed by . . . a party personally if the party is unrepresented."). The second and third filings are thus arguably not properly before the Court. Nevertheless, given Petitioner's original request to supplement his objections and his *pro se* status, the Court has considered the specific objections contained in each filing.

4

First, Petitioner contends his appeal to the Ohio Supreme Court in Case No. 24-0131 was timely-filed "due to the mail box rule". (Doc. 26, at 2). But as the R&R correctly explained, Ohio does not have a prison mailbox rule. *See* Doc. 24, at 16 (citing *Calo v. Stuff*, 250 N.E.3d 62, 65-66 (Ohio 2024)).

Second, Petitioner contends that "[t]he same arguments and propositions to the Supreme Court of Ohio in Case No. 24-0131 are the same arguments" he presents here, "completing one full round of state court review." (Doc. 26, at 3). However, as R&R correctly determined, Petitioner's motions in this appeal were not timely filed in accordance with state court procedures and were thus procedurally defaulted. *See* Doc. 24, at 15-16. And even if Petitioner could show cause to overcome that default, the R&R comprehensively analyzes and correctly concludes he has not demonstrated prejudice. *Id.* at 21-28. Petitioner's objections do not directly address or challenge this prejudice analysis.

Third, Petitioner questions why the R&R omitted discussion of his Ohio Appellate Rule 26(B) application. *See* Doc. 26, at 4. He contends the fourth proposition of law he presented in this application was "[i]n essence a sufficiency of the elements claim." *Id.* It is true that the R&R does not mention Petitioner's Rule 26(B) application for reopening. But this is because such application does not impact the analysis of Petitioner's claims for relief. In his application, Petitioner asserted he received ineffective assistance of counsel on appeal for counsel's failure to raise four assignments of error on direct appeal:

1. The trial court erred when it denied the motion to suppress the inculpatory statements made by appellant in a custodial police interrogation violating appellant['s] Fifth and Fourteenth Amendment [rights].

2. The trial court committed plain error in failing to instruct the jury as to the matter of law in counts one through six violating my [F]ifth[] and [S]ixth Amendment [rights].

3. Trial court err[ed] when it failed to sanction the prosecution for withholding discovery material in violation of Crim.R.16 and denying due process and [F]ifth, [S]ixth[,] and the [F]ourteenth [Amendment Rights].

4. Trial court erred \ abuse[d] discretion when it denied Crim.R.29(c) motion [for] acquittal [on] counts one through six.

(Ex. 34, Doc. 13-1, at 414, 416, 418, 420). Petitioner raised these same propositions of law when he appealed the denial of the application for reopening to the Ohio Supreme Court. (Ex. 37, Doc. 13-1, at 533-36). Raising an ineffective assistance of appellate counsel claim in an application to reopen does not preserve the underlying claim for federal habeas review. *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008). And Petitioner does not bring an ineffective assistance of appellate counsel claim in his present Petition. Thus, his Rule 26(B) application to reopen is irrelevant to the procedural default analysis of his present claims.

Petitioner's objections to the R&R's procedural default analysis are therefore overruled.

Merits

*Ground One / Ground Three: Self-Representation*

In the alternative merits analysis, Judge Clay concluded related Grounds One and Three lack merit because standby counsel's involvement in conducting voir dire did not contravene Supreme Court precedent and the record confirmed Petitioner consented to standby counsel conducting voir dire. (Doc. 24, at 28-31, 38-40). Petitioner objects to these conclusions. *See* Doc. 25, at 2-3; Doc. 26, at 7-11. He contends the Magistrate Judge (and the state appellate court) incorrectly determined he did not object to counsel conducting voir dire. (Doc. 26, at 7-8). But upon *de novo* review, the Court agrees with the R&R's analysis. The state appellate court found:

> [I]t appears from the record in this case that Hathorn agreed to have Treece [standby counsel] conduct the *voir dire*. During the May 9, 2022 hearing, the trial court and the parties discussed potentially permitting counsel to conduct *voir dire* in order to prevent Hathorn from accidentally offending the potential jurors with his questions. At the end of the hearing, Treece indicated he and Hathorn would discuss the

> matter. During *voir dire*, Treece introduced himself and indicated that he and Hathorn would be trying the case together. Although there is no agreement on the record by Hathorn to allow Treece to conduct the *voir dire*, Hathorn did not object to Treece conducting the *voir dire*. This apparent acquiescence invited any error that might have arisen.

*Hathorn*, 227 N.E.3d at 450. Petitioner has not shown this to be an unreasonable determination of the facts in light of the trial record. *See* 28 U.S.C. § 2254(e)(1); *see also* Doc 13-6, at 22-30, 131-32; Doc. 13-8, at 1129-30.

The remainder of Petitioner's arguments as to Ground One simply restate the arguments he presented to the Magistrate Judge. For the well-reasoned explanation provided in the R&R, the Court rejects these arguments. The Sixth Amendment provides an individual the right to conduct his own defense when he voluntarily and intelligently elects to do so. *Faretta v. California*, 422 U.S. 806, 832-86 (1975). The appointment of standby counsel does not violate this right. *McKaskle v. Wiggins*, 465 U.S. 168, 176-78 (1984). Moreover, an individual can waive his self-representation rights and "[p]articipation by counsel with a *pro se* defendant's express approval is, of course, constitutionally unobjectionable." *Id.* at 182. As the R&R explained, nothing contrary to these principles occurred in Petitioner's case.

In short, on *de novo* review, the Court agrees with the Magistrate Judge's conclusion that the Ohio state court's decision regarding Ground One, Plaintiff's Sixth Amendment / self-representation claim was not contrary to, nor an unreasonable application of, federal law .The Court further agrees that Ground Three is without merit as contradicted by the record and Petitioner has not demonstrated a violation of clearly established federal law. Petitioner's objections in this regard are overruled.

*Ground Two: Sufficiency*

The R&R recommends the Court find Ground Two lacks merit because sufficient evidence supported Petitioner's convictions for felonious assault, aggravated robbery, and having a weapon while under disability. (Doc. 24, at 31-37).[3] Petitioner objects, presenting the same argument he presented to the Magistrate Judge: that there was no proof establishing  the "knowingly" intent element or his control of the firearm at issue. *See* Doc. 25, at 4-6; Doc. 26, at 12-22. Petitioner similarly repeats the argument he presented to the Magistrate Judge that his case is analogous to *Nash v. Eberlin*, 258 F. App'x 761 (6th Cir. 2007).

Although Petitioner's objections are arguably not specific enough to trigger *de novo* review, the Court nevertheless finds that on such review, it agrees with the R&R's well-reasoned analysis regarding Ground Two.

As the R&R set forth, a court reviewing the sufficiency of the evidence on direct appeal asks whether—after viewing the evidence in the light most favorable to the prosecution—any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This already deferential standard is further limited on federal habeas review. A federal habeas court may grant habeas relief on a sufficiency

---

3. In his Objection, Petitioner also argues there was insufficient evidence to support his failure to comply with a signal of a peace officer or tampering with evidence. (Doc. 25, at 6). But he did not present this argument to the Magistrate Judge initially. *See* Doc. 4, at 24-28; Doc. 16, at 3-6; Doc. 24, at 31 n.5 ("Mr. Hathorn does not discuss his convictions for failure to comply with a signal of a peace officer or tampering with evidence, thereby waiving any challenge to the sufficiency of the evidence supporting them."). "[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived." *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) (quoting *Ward v. United States,* 208 F.3d 216, 216 (6th Cir. 2000) (table)).

of the evidence claim only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith*, 565 U.S. 1, 2 (2011). For a federal habeas court, "the only question under *Jackson* is whether [the state court decision] was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). Thus, Petitioner is entitled to relief on this ground only if he has demonstrated it was objectively unreasonable for the Ohio appellate court to conclude, after reviewing the evidence in the light most favorable to the prosecution, that a rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

The Magistrate Judge properly applied this standard and found there was sufficient evidence to support the essential elements of the felonious assault, robbery, and having a weapon while under disability charges. *See* Doc. 24, at 35-37. The R&R correctly distinguished *Nash* based on other corroborative evidence supporting Petitioner's intent to harm and the fact that the gun was actually fired and caused injury. *Id.* at 35-36. And, regarding Petitioner's arguments that he did not knowingly possess or attempt to remove the firearm, the Court agrees with the R&R's analysis that a reasonable jury viewing the evidence in the light most favorable to the prosecution could have concluded Petitioner knowingly used the firearm by causing it to fire from the holster and attempting to remove the gun during the struggle. *Id.* at 35-36. And thus, the Court necessarily also concludes the state court decision so finding was not an objectively unreasonable application of the *Jackson* standard or "so insupportable as to fall below the threshold of bare rationality." *Coleman*, 566 U.S. at 656; 28 U.S.C. § 2254(d)(1).

Petitioner further specifically argues "Mathew White never testified that he ran test[s] to see if a person can get his finger inside a gun holster if enough pressure was applied[.] [W]here did the Magistrate Judge get this information from, it's not a part of the record? The appell[ate]

9

court and Magistrate Judge . . . has been fabricated." (Doc. 25, at 5). This objection appears to speak to this passage in the Ohio appellate court's opinion, which is quoted in the R&R:

> While examining the firearm, he also examined the holster and the belt. During his deposition, White testified to his observations about the firearm and its relation to the holster. White then conducted some simple tests and learned that when some pressure was applied to one side of the holster, the gun twisted enough to allow a gap to appear and that the gap provided access to the trigger of the firearm while it was still in the holster. The gap was big enough to get a finger on the trigger and activate it.
>
> * * *
>
> White testified that he conducted tests and found that pressure, either by pushing or pulling the firearm away from the wearer caused the physical gap between the holster and the firearm to increase, causing the trigger to be more exposed. White identified Ex. 18 from the deposition as a picture showing how this was possible. He then identified Ex. 19 from the deposition as pictures showing how his finger could reach the trigger while the gun was still in the holster. Ex. 20 for the deposition showed White being able to access the trigger while a coworker was wearing the holster. White finally testified that one of his coworkers was able to actuate the trigger meaning that it was capable of firing. This testimony did not reflect any scientific expertise, but rather was based upon the witness's own observations. These observations would be helpful to a juror determining whether it was possible for Hathorn to have pulled the trigger while the firearm was still in the holster.

*Hathorn*, 227 N.E.3d at 451. The state appellate court made this determination in response to Petitioner's argument that the trial court erred in allowing White to testify regarding his observations about the gun and the holster despite the fact that White is not an expert in firearm holsters. *Id.* First, the Magistrate Judge did not "fabricate" this information, but rather took it from the state court opinion. And, as the Magistrate Judge pointed out, a state court determination of the facts is presumed correct. *See* Doc. 24, at 23 n.4 (citing 28 U.S.C. § 2254(e)(1)). The R&R correctly identifies that the state court record provided to this Court does not include White's testimony, which was presented at trial via prerecorded deposition, but not recorded in the trial transcript. *See id.* But, in his briefing to the Magistrate Judge, Petitioner never challenged this factual summary of White's testimony by the state court. *See id.* ("Mr. Hathorn does not appear to

10

challenge the state court's summary of Investigator White's deposition and so these factual findings are presumed correct."); Doc. 4 (Petition); (Doc. 16) (Reply); Doc. 18 (Motion for Leave to Conduct Discovery); Doc. 19 (Motion for Evidentiary Hearing).[4] Thus, it was not error for the Magistrate Judge to rely on the state court's factual determination in this regard.

Evidentiary Hearing / Discovery / Counsel

Throughout his objections, Petitioner broadly asserts the Magistrate Judge erred in denying his motions for discovery, an evidentiary hearing, and appointment of counsel. *See* Doc. 25, at 1; Doc. 26, at 21-22. Review of such non-dispositive pretrial motions is for clear error. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). The Court finds Petitioner has demonstrated no error, clear or otherwise, in any of these determinations. *See* Docs. 11, 18.

CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Clay's R&R (Doc. 24) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 4) is DENIED as set forth therein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

---

4. Indeed, in his Order denying Petitioner's Motion for Discovery, the Magistrate Judge expressly invited Petitioner to move to expand the record if he believed the transcripts provided to be incomplete in any material manner. *See* Doc. 23, at 2. Petitioner did not file anything further.

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 21, 2026
