**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**ROBERT T. HATHORN,**

Petitioner,

v.

**WARDEN CYNTHIA DAVIS,**[1]

Respondent.

CASE NO. 3:24 CV 2019

JUDGE JAMES R. KNEPP II

**ORDER**

## INTRODUCTION

Currently pending before the Court are Petitioner Robert T. Hathorn's ("Petitioner") Motion for Reconsideration (Doc. 31) and Motion for Reconsideration Amendment (Doc. 32).

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration. However, "[u]nder Rule 59(e), a party can move to 'alter or amend a judgment'" for any one of four reasons: "(1) there was 'a clear error of law' in the judgment, (2) the movant has 'newly discovered evidence,' (3) there has been an 'intervening change in controlling law,' or (4) the alteration or amendment is needed 'to prevent manifest injustice.'" *Cont'l Cas. Co. v. Indian Head Indus.*, 941 F.3d 828, 833 (6th Cir. 2019) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

A motion under Rule 59(e) is not to be used as a mechanism to relitigate a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see* also *Jones v.*

---

1. Petitioner is currently incarcerated at the Southern Ohio Correctional Facility. *See* Doc. 30. Davis is the Warden of that Institution and thus the current proper Respondent.

*Natural Essentials, Inc.*, 740 F. App'x 489, 494 (6th Cir. 2018) ("Rule 59(e) does not exist to provide an unhappy litigant an opportunity to relitigate issues the court has already considered and rejected."), nor should it be used as a means to raise new legal arguments that could have been raised prior to the entry of judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

**DISCUSSION**

In his two Motions, Petitioner seeks reconsideration of this Court's Memorandum Opinion and Order (Doc. 28) overruling Petitioner's Objections and adopting the Magistrate Judge's Report and Recommendation ("R&R"). *See* Docs. 31, 32.

"[R]econsideration motions cannot be used as an opportunity to re-argue a case." *See Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

Petitioner's Motions make no reference to the relevant Rule 59 standard, nor do they present a clear error of law, newly discovered evidence, intervening change in the law, or need to prevent manifest injustice. Instead, on review, the Court finds both Motions re-argue his original asserted grounds for relief, present disagreement with how this Court resolved those claims, and attempt to present new arguments either not previously presented or not presented in his original objections to the R&R. Because a Rule 59(e) motion is an "extraordinary remedy" that "should be granted sparingly," *Am. Textile Mfrs. Inst., Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1997), the Court uses its "informed discretion" and finds reconsideration of this matter would be inappropriate, *Huff v. Metro. Life Ins. Co*., 675 F.2d 119, 122 (6th Cir. 1982).

The "proper recourse" for Petitioner to present these disagreements with the Court's determination is an appeal to the United States Court of Appeals for the Sixth Circuit. *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (where a movant "views the law in a light contrary to that of this Court," his "proper recourse" is not by

way of a motion for reconsideration "but appeal to the Sixth Circuit.") (quoting *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991)).[2]

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Petitioner's Motion for Reconsideration (Doc. 31) and Motion for Reconsideration Amendment (Doc. 32) be, and the same hereby are, DENIED; and the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2026

2. Petitioner has filed such an appeal. *See* Doc. 33; *Hathorn v. Davis*, No. 26-3530 (6th Cir.). The Circuit Court held Petitioner's appeal in abeyance pending the Court's resolution of the pending reconsideration motions. *See* Doc. 34.